UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

LAZARO PADRON,

      Plaintiff,

vs.

ALAMO'S TOWING & RECOVERY LLC, a Florida
Limited Liability Company, ALAMO'S TOWING CORP.,
a Florida Profit Corporation, GONZALEZ TOWING & RECOVERY LLC
a Florida  Limited Liability Company, G GANG TOWING & RECOVERY,
a Florida Limited Liability Company d/b/a ALAMO TOWING & TRANSPORT
and JOSE M. ALAMO GONZALEZ, individually.

      Defendants.

_____/

## COMPLAINT

    Plaintiff LAZARO PADRON, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants ALAMO'S TOWING & RECOVERY LLC, a Florida Limited Liability Company, ALAMO'S TOWING CORP., a Florida Profit Corporation, GONZALEZ TOWING & RECOVERY LLC, a Florida Limited Liability Company, G GANG TOWING & RECOVERY, a Florida Limited Liability Company d/b/a ALAMO TOWING & TRANSPORT and JOSE M. ALAMO GONZALEZ, individually (hereinafter, "GONZALEZ") (collectively "DEFENDANTS") and states as follows:

## JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages and other relief for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.  Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

4.  Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

5.  Plaintiff at all times pertinent to this complaint resided within Miami-Dade County, Florida. Plaintiff is over the age of eighteen and otherwise sui juris. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a tow truck driver. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

1.  Defendant ALAMO'S TOWING & RECOVERY LLC is Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Defendant has its principal place of business in Miami, Florida.

2.  Defendant ALAMO'S TOWING CORP. is Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Defendant has its principal place of business in Miami, Florida.

3.  Defendant GONZALEZ TOWING & RECOVERY LLC. is Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Defendant has its principal place of business in Miami, Florida.

4.  G GANG TOWING & RECOVERY, a Florida Limited Liability Company d/b/a ALAMO TOWING & TRANSPORT organized and existing under and by virtue of the laws of Florida

and is registered to do business within Florida. Defendant has its principal place of business in Miami, Florida.

5. Plaintiff contends that Defendants ALAMO'S TOWING CORP., ALAMO'S TOWING & RECOVERY LLC, GONZALEZ TOWING & RECOVERY LLC, G GANG TOWING & RECOVERY, d/b/a ALAMO TOWING & TRANSPORT ("Entity Defendants") own and or operate various towing companies as a single integrated enterprise. Plaintiff is informed and believes that Entity Defendants are joint employers working as a joint enterprise, and/or are the alter egos of one another and of individual Defendant JOSE M. ALAMO.

6. Defendant JOSE M. ALAMO is a manager/president and/or officer of ALAMO'S TOWING CORP., ALAMO'S TOWING & RECOVERY LLC, G GANG TOWING & RECOVERY, d/b/a ALAMO TOWING & TRANSPORT. Defendant JOSE M. ALAMO is married to the sole owner and president of GONZALEZ TOWING & RECOVERY LLC.

7. Upon information and belief GONZALEZ TOWING & RECOVERY LLC was at all relevant times doing business as ALAMO'S TOWING and is working as a joint enterprise, and/or are the alter ego of ALAMO'S TOWING CORP., ALAMO'S TOWING & RECOVERY LLC, G GANG TOWING & RECOVERY, d/b/a ALAMO TOWING & TRANSPORT and/or individual Defendant JOSE M. ALAMO.

8. Defendant JOSE M. ALAMO exercised operational control over the activities of the Entity Defendants working as the alter ego of Entity Defendants. Defendant JOSE M. ALAMO controls and is intimately involved in the day-today operations of Entity Defendants and both determined and instituted the unlawful wage and hour, retaliatory practices, and equal pay violations alleged herein.

9. Each Entity Defendants are an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that they have employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. At all times material to this Complaint, Entity Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material including, but not limited to the following: wrenches, tow cables, flashlights, batteries, telephones, paper goods, and tow-related materials. Those goods and/or materials have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Specifically, Entity Defendants operate and specialize in performing towing services of automobiles.

12. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regular and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly performed functions utilizing telephones, computers, machinery, materials, and supplies.

13. Entity Defendants upon knowledge and belief, has had individually and or in combination a gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

14. All defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

15. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

16. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

17. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

18. Specifically, Plaintiff performed work for Defendants as a non-exempt tow truck driver from on or about April 24, 2021 until on or about July 2021.

19. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

20. Specifically, during Plaintiff's employment Defendants compensated Plaintiff and all employees similarly situated, by paying 30% of the service fee they charged for job he performed.

21. Plaintiff regularly worked twelve (12) hours per day, six (6) days per week. Accordingly, during the course of his employment, Plaintiff regularly worked 72 hours per work week.

22. Accordingly, there were times when Plaintiff was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

23. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

24. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida

25. Defendants knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.[1]

26. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

27. On or about June 17, 2021, Plaintiff was issued a check by JOSE M. ALAMO from ALAMOS TOWING's bank account to compensate him for the last 2 weeks of work. However, the check was dishonored for insufficient funds.

28. As a result, Defendants failed to compensate Plaintiff at a rate higher or equal to Florida and federal minimum wage for some of the work performed by Plaintiff during the relevant period.

29. Defendants' failure to pay in accordance with the scheduled pay dates resulted in Defendants' failure to pay the required minimum hourly wage for some of the hours worked by Plaintiff.

30. Specifically, Plaintiff was not compensated at all for the work he performed from June 14, 2021 – July 6, 2021.

31. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

32. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME
**against** ALAMO'S TOWING CORP.,

33. Plaintiff, re-alleges and reaffirms paragraphs 1 through 32 and as if fully set forth herein.

34. This action is brought by Plaintiff to recover from Defendant ALAMO'S TOWING CORP unpaid overtime and minimum wage compensation, as well as an additional amount as

---

[1] Upon information and belief, Defendants have been previously sued for violations of federal wage law and nevertheless continue to still violate the law.

liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

35. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

36. ALAMO'S TOWING CORP has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

37. Since the commencement of Plaintiff's employment ALAMO'S TOWING CORP has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

38. Specifically, throughout his employment Plaintiff regularly worked at least 72 hours during each workweek in which he was employed.

39. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

40. ALAMO'S TOWING CORP is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s ALAMO'S TOWING CORP's business activities involve those to which the Fair Labor Standards Act applies.

41. The Plaintiff was a tow truck driver and was at all relevant times, covered by the FLSA.

42. ALAMO'S TOWING CORP. knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the tardy payment of wages, and unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three year period preceding this lawsuit.

43. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of his wages and the failure to pay even a minimum hourly wage when due.

44. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

45. ALAMO'S TOWING CORP has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

46. By reason of the said intentional, willful and unlawful acts of ALAMO'S TOWING CORP, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

47. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

48. ALAMO'S TOWING CORP never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

49. As a result of ALAMO'S TOWING CORP's willful violations of the Act, Plaintiff is entitled to liquidated damages.

50. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from ALAMO'S TOWING CORP.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant ALAMO'S TOWING CORP:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT II
### VIOLATION OF FLSA/OVERTIME
### against ALAMO'S TOWING & RECOVERY LLC

51. Plaintiff, re-alleges and reaffirms paragraphs 1 through 32 and as if fully set forth herein.

52. This action is brought by Plaintiff to recover from Defendant ALAMO'S TOWING & RECOVERY LLC unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

53. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

54. ALAMO'S TOWING & RECOVERY LLC has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

55. Since the commencement of Plaintiff's employment ALAMO'S TOWING & RECOVERY LLC has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

56. Specifically, throughout his employment Plaintiff regularly worked at least 72 hours during each workweek in which he was employed.

57. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment

in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

58. ALAMO'S TOWING & RECOVERY LLC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s ALAMO'S TOWING & RECOVERY LLC's business activities involve those to which the Fair Labor Standards Act applies.

59. The Plaintiff was a tow truck driver and was at all relevant times, covered by the FLSA.

60. ALAMO'S TOWING & RECOVERY LLC knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the tardy payment of wages, and unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three year period preceding this lawsuit.

61. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of his wages and the failure to pay even a minimum hourly wage when due.

62. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

63. ALAMO'S TOWING & RECOVERY LLC has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

64. By reason of the said intentional, willful and unlawful acts of ALAMO'S TOWING & RECOVERY LLC, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

65. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

66. ALAMO'S TOWING & RECOVERY LLC never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

67. As a result of ALAMO'S TOWING & RECOVERY LLC's willful violations of the Act, Plaintiff is entitled to liquidated damages.

68. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from ALAMO'S TOWING & RECOVERY LLC.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant ALAMO'S TOWING & RECOVERY LLC:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT III</u>
## VIOLATION OF FLSA/OVERTIME
### against G GANG TOWING & RECOVERY, d/b/a ALAMO TOWING & TRANSPORT

69. Plaintiff, re-alleges and reaffirms paragraphs 1 through 32 and as if fully set forth herein.

70. This action is brought by Plaintiff to recover from Defendant A G GANG TOWING & RECOVERY, d/b/a ALAMO TOWING & TRANSPORT unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

71. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

72. G GANG TOWING & RECOVERY, d/b/a ALAMO TOWING & TRANSPORT has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

73. Since the commencement of Plaintiff's employment G GANG TOWING & RECOVERY, d/b/a ALAMO TOWING & TRANSPORT has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer

than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

74. Specifically, throughout his employment Plaintiff regularly worked at least 72 hours during each workweek in which he was employed.

75. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

76. G GANG TOWING & RECOVERY, d/b/a ALAMO TOWING & TRANSPORT is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s) G GANG TOWING & RECOVERY, d/b/a ALAMO TOWING & TRANSPORT's business activities involve those to which the Fair Labor Standards Act applies.

77. The Plaintiff was a tow truck driver and was at all relevant times, covered by the FLSA.

78. G GANG TOWING & RECOVERY,  d/b/a ALAMO TOWING & TRANSPORT knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the tardy payment of wages, and unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three year period preceding this lawsuit.

79. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of his wages and the failure to pay even a minimum hourly wage when due.

80. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

81. G GANG TOWING & RECOVERY, d/b/a ALAMO TOWING & TRANSPORT has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

82. By reason of the said intentional, willful and unlawful acts of G GANG TOWING & RECOVERY, d/b/a ALAMO TOWING & TRANSPORT, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

83. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

84. G GANG TOWING & RECOVERY, d/b/a ALAMO TOWING & TRANSPORT never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

85. As a result of G GANG TOWING & RECOVERY, d/b/a ALAMO TOWING & TRANSPORT's willful violations of the Act, Plaintiff is entitled to liquidated damages.

86. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from G GANG TOWING & RECOVERY, d/b/a ALAMO TOWING & TRANSPORT.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant G GANG TOWING & RECOVERY, d/b/a ALAMO TOWING & TRANSPORT:

    A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT IV</u>
**VIOLATION OF FLSA/OVERTIME**
**against GONZALEZ TOWING & RECOVERY LLC**

87. Plaintiff, re-alleges and reaffirms paragraphs 1 through 32 and as if fully set forth herein.

88. This action is brought by Plaintiff to recover from Defendant GONZALEZ TOWING & RECOVERY LLC unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

89. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

90. GONZALEZ TOWING & RECOVERY LLC has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

91. Since the commencement of Plaintiff's employment GONZALEZ TOWING & RECOVERY LLC has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

92. Specifically, throughout his employment Plaintiff regularly worked at least 72 hours during each workweek in which he was employed.

93. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

94. GONZALEZ TOWING & RECOVERY LLC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s) GONZALEZ TOWING & RECOVERY LLC's business activities involve those to which the Fair Labor Standards Act applies.

95. The Plaintiff was a tow truck driver and was at all relevant times, covered by the FLSA.

96. GONZALEZ TOWING & RECOVERY LLC knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the tardy payment of wages, and unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three year period preceding this lawsuit.

97. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of his wages and the failure to pay even a minimum hourly wage when due.

98. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

99. GONZALEZ TOWING & RECOVERY LLC has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

100.    By reason of the said intentional, willful and unlawful acts of ALAMO'S TOWING CORP, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

101.    Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

102.    GONZALEZ TOWING & RECOVERY LLC never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

103.    As a result of GONZALEZ TOWING & RECOVERY LLC's willful violations of the Act, Plaintiff is entitled to liquidated damages.

104.    Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from GONZALEZ TOWING & RECOVERY LLC.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant GONZALEZ TOWING & RECOVERY LLC:

A.    Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.    Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.    Award Plaintiff an equal amount in double damages/liquidated damages; and

D.    Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.    Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## VIOLATION OF FLSA/OVERTIME
### against JOSE M. ALAMO

105.    Plaintiff, re-alleges and reaffirms paragraphs 1 through 32 as if fully set forth herein.

106.    At the times mentioned, Defendant JOSE M. ALAMO was, and is now, a manager of Entity Defendants as alleged above.

107.    JOSE M. ALAMO was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that JOSE M. ALAMO acted directly in the interests of Entity Defendants in relation to their employees including Plaintiff.

108.   Specifically, JOSE M. ALAMO supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

109.   JOSE M. ALAMO had operational control of the business and is thus jointly liable for Plaintiff's damages.

110.   Defendant JOSE M. ALAMO willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant JOSE M. ALAMO:

      A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

      B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

      C. Award Plaintiff an equal amount in double damages/liquidated damages; and

      D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

      E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
## VIOLATION OF FMWA
### against all Defendants

111.   Plaintiff re-alleges and reaffirms paragraphs 1 through 32 as fully set forth herein.

112.   Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

113.    Defendants failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during his employment as alleged above.

114.    Plaintiff sent a written demand for these payments dated August 6, 2021. Defendants have failed to make any payments in accord with that demand.

115.    As a direct result of Defendants' failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed on their behalf.

116.    Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

WHEREFORE, Plaintiff requests judgment as follows:

A.  Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

B.  Liquidated damages;

C.  Assessment against Defendants of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

D.  Such other and further relief as the court deems proper.

## <u>COUNT VII</u>
### VIOLATION OF SECTION 68.065, FLORIDA STATUTES
### against ALAMOS TOWING

117.    Plaintiff, re-alleges and reaffirms paragraphs 1 through 32 as if fully set forth herein.

118.    On or about June 17, 2021, the Defendant JOSE M. ALAMO issued and delivered check No. 235 to Plaintiff drawn from ALAMO'S TOWING CORP. account at Wells Fargo Bank. The sum on the check was Four hundred Dollars ($400.00) ("worthless check No. 235").

119.    Plaintiff attempted to cash worthless check No. 235, which was subsequently dishonored by Wells Fargo Bank.

120.    On or about August 6 2021, Plaintiff through his counsel, submitted a written notice of worthless check and demand for payment via certified mail as required by Section 68.065 Florida Statutes to the Defendant ALAMO'S TOWING CORP.

121.    As provided for in Section 68.065, Florida Statutes, the letter demanded payment from the Defendant within thirty (30) days of the date of the letter for the full amount of the check plus (5%) service charge.

122.    In accordance with Section, 68.065, Florida Statutes, Plaintiff (1) provided written notice to the Defendant ALAMO'S TOWING CORP in a substantially similar form as that provided for in the statute and (2) pursuant to the Delivery requirements.

123.    To date, more than thirty (30) days have lapsed from the date of the receipt of the letter and the Defendant ALAMO'S TOWING CORP has failed to pay Plaintiff the amount owed for the Dishonored Check.

124.    The Defendant ALAMO'S TOWING CORP is in violation of Section 68.065, Florida Statutes for failing to make payment to Plaintiff in the amount owed for the dishonored check.

125.    As a consequence of the ALAMO'S TOWING CORP'S issuance of the worthless check, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant ALAMO'S TOWING CORP:

A.    Award Plaintiff actual damages in the amount on the worthless check; and

B.    Award Plaintiff an equal amount in treble damages/liquidated damages; and

C.    Assessment against Defendant of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

D.  Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

**<u>JURY DEMAND</u>**

Plaintiff LAZARO PADRON demands trial by jury of all issues triable as of right by jury.

Dated: October 29, 2021

Respectfully submitted,

**PEREGONZA  THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ Nathaly Saavedra_____
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

23